UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS GLENDALE JOHNSON, | § | |
| INDIVIDUALLY AND ON BEHALF | § | |
| OF ALL OTHERS SIMILARLY | § | |
| SITUATED | § | |
| | § | |
| VS. | § | CAUSE NO. 3:19-cv-01992-L |
| | § | |
| RYAN C. HOERAUF, INC. D/B/A | § | |
| O'RYAN OIL & GAS AND | § | |
| RYAN C. HOERAUF | § | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR NOTICE TO POTENTIAL PLAINTIFFS AND BRIEF IN SUPPORT**

Respectfully Submitted,

By: /s/ *R. Layne Rouse*
R. LAYNE ROUSE
State Bar No. 24066007
lrouse@shaferfirm.com

**SHAFER, DAVIS, O'LEARY & STOKER**
P.O. Drawer 1552
Odessa, TX 79760-1552
(432) 332-0893
(432) 333-5002 – Facsimile
**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this the 20th day of February, 2020, a true and correct copy of the above and foregoing document was served upon the following counsel of record via electronic service.

William S. Hommel, Jr.
Hommel Law Firm
5620 Old Bullard Road, Ste. 115
Tyler, Texas 75703
bhommel@hommelfirm.com

                /s/ R. L*ayne Rouse*
                R. Layne Rouse

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW DEFENDANTS RYAN C. HOERAUF, INC. D/B/A O'RYAN OIL & GAS AND RYAN C. HOERAUF (hereinafter "Defendants") and file this Response to Plaintiff's Motion for Notice to Potential Plaintiffs and Brief in support. Respectfully, Defendants would show the Court as follows:

## I.
## SUMMARY

After waiting about five months after filing the lone opt-in notice of his relative Nathan Johnson, Plaintiff Thomas Johnson now requests the Court to certify a class of "All Salaried Plant Operators employed by O'Ryan Oil & Gas in Texas from May 8, 2016 to the present." Doc. No. 13, ¶14. The Court should deny the motion to certify.

The substantial allegations and affidavits before the Court do not demonstrate that the alleged violations stem from a widespread discriminatory plan. Plaintiff and Nathan Johnson (the "Plaintiffs") only have knowledge of their work as plant operators at the Big R gas plant in Powell, Texas—not of all plants in Texas. Plaintiffs' allegations fail establish that the six or so "other" plant operators that worked alongside Plaintiffs at the Big R gas plant are similarly situated—misclassified exempt employees paid a salary. Plaintiffs also fail to identify *any* other putative class member interested in joining this lawsuit. Accordingly, the Court should deny the motion to certify.

## II
## EVIDENCE

In addition to the documents on file with the Court, Defendants will rely upon the following in support of their response:

Exhibit 1    Affidavit of Ryan C. Hoerauf Executed February 19, 2020 (Appx. 1-3).

1

## III.
## STANDARD

Section 16(b) of the FLSA provides that an individual may bring an action "on behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b).  Most courts, including this Court, rely on the two-step approach in *Lusardi v. Xerox Corp.,* 118 F.R.D. 351 (D. N.J. 1987). *Viveros v. Flexxray LLC*, 4:15-CV-343-O, 2015 WL 12916414, at *2 (N.D. Tex. May 8, 2015) (noting most federal courts, including the northern district, follow *Lusardi*).

"At the initial notice stage, plaintiffs must provide 'substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination.'" *Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d 703, 707 (N.D. Tex. 2008) (quoting *H & R Block, Ltd. v. Housden,* 186 F.R.D. 399, 400 (E.D.Tex.1999)).  "In making this determination, courts have considered such factors as whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; and whether evidence of a widespread discriminatory plan was submitted." *Id.* (internal quotations omitted).

"While the plaintiffs' burden at this stage is not onerous, neither is it invisible." *Id*.  "The court must satisfy itself that other 'similarly situated' individuals justify notice because they desire to opt-in." *Lentz v. Spanky's Restaurant II, Inc.,* 491 F.Supp.2d 663, 669 (N.D. Tex. 2007).  And in deciding whether Plaintiffs have met their burden, the Court should be mindful of the "responsibility to refrain from stirring up unwarranted litigation." *Lentz v. Spanky's Rest. II, Inc.,* 491 F.Supp.2d 663, 669 (N.D. Tex. 2007) (internal citations omitted). "[E]mployers should not be unduly burdened by a frivolous fishing expedition conducted by the plaintiffs at the employer's expense[ ]." *Id.* (internal citations and quotations omitted).

# IV.
# ARGUMENTS AND AUTHORITIES

**A.     The Court Should Deny "Plaintiffs'" Motion to Certify a Class.**

The Court should deny "Plaintiffs'" motion to certify a class because Plaintiffs fail to carry their burden to support a class certification.  In support of the motion, Plaintiffs Thomas Johnson and Nathan Johnson, who are relatives, submit virtually identical declarations.  Doc. No. 13-1; Doc. No. 13-5, Ex. 1 (Appx. 3).  Plaintiffs have been preparing for this litigation since at least April 10, 2019, when Nathan Johnson signed his consent prior to Thomas Johnson filing the lawsuit.  Doc. No. 11-1.  Despite having about a year to prepare for the motion, Plaintiffs fail to demonstrate that their claims arise from a widespread discriminatory plan or that any other putative class member desires to join.  *See* Ex. 1 (Appx. 1-3).

Plaintiffs fail to establish that the purported "misclassification" of plant operators stems from a widespread discriminatory plan.  *See* Doc. No. 13-1; Doc. No. 13-5.  Plaintiffs' personal knowledge is limited to their experience as plant operators working at the Big R gas plant in Powell, Texas.  Doc. No. 13-1; Doc. No. 13-5; Ex. 1 (Appx. 2-3).  While Plaintiffs purportedly had "discussions" with other plant operators, Plaintiffs do not establish that these "discussions" occurred with anyone other than themselves.  *See* Doc. No. 13-1; Doc. No. 13-5.  This does not evidence the existence of a widespread discriminatory plan.

Even assuming the "discussions" occurred with the six or so "other" plant operators employed along with Plaintiffs, the allegations do not evidence a widespread discriminatory plan. Ex. 1 (App. 2-3).  Plaintiffs' declarations do not allege that the "other" plant operators at Big R were similarly situated—misclassified employees that received a salary and not overtime.  While the plant operators allegedly "performed the same or similar job duties"—track oil and gas production—and were not paid overtime, Plaintiffs do not establish that the alleged unpaid

overtime derived from same alleged misclassification of nonexempt employees. *See* Doc. No. 13-1; Doc. No. 13-5. As such, the alleged unpaid overtime, if any, regarding "other" plant operators could reflect any number of dissimilar issues, such as a purported failure to report time, a bookkeeping error, a dispute regarding whether certain time was "on the clock", or other dissimilar claims. Plaintiffs' allegations also do not allege, or establish a basis to allege, that the six or so "other" plant operators were similarly limited in authority with respect to managerial roles, such as the ability to hire or fire, adjust rates of pay, monitor compliance issues, determine materials or supplies or tools to be used and the like. *See* Doc. No. 13-1; Doc. No. 13-5. The declarations do not establish that Plaintiffs have personal knowledge that there was a widespread misclassification problem among the six or so "other" plant operators at the Big R plant, much less all plants throughout Texas. "Stated differently, while the [declarations] may offer support for an individual employee's FLSA claim against the defendants, they are not evidence of a 'widespread discriminatory plan.'" *Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d 703, 707 (N.D. Tex. 2008). The Court should deny the motion to certify.

"Before conditionally certifying a class and authorizing notice to potential plaintiffs, the court must also satisfy itself that there are other similarly situated employees of defendants who desire to opt-in to the litigation." *Id.* Again, Plaintiffs fail to carry this burden. Outside Plaintiffs' own declarations, Plaintiffs provide *no* evidence that anyone else desires to opt-in. Plaintiffs do not identify any other plant operator as a potential plaintiff. Plaintiffs do not allege, even generally, that any other Big R plant operators desire to opt-in. *No* other plant operator has indicated an interest in joining this litigation, even though Plaintiffs have been actively pursuing their claims since at least April 2019. *See* Doc. No. 11-1. Plaintiffs "must present information, i.e., more than speculation or bald assertions by the plaintiffs, that putative class members are interested in joining

the suit". *Id.* at 708. But here, Plaintiffs fail to even present "bald assertions" of such an interest, much less the required information to support the assertion. Accordingly, the Court should deny Plaintiffs' motion.

**B.     "Plaintiffs'" Proposed Notice is Objectionable.**

In addition to the reasons cited above, the Court should deny "Plaintiffs'" motion for class certification because the proposed class is overbroad. *See* Doc. Nos. 13, ¶14. But if the Court grants the motion, the Court should limit the class as indicated below and sustain Defendants' objections to Plaintiffs' proposed requested disclosures, proposed notice, proposed consent form, and proposed order. *See* Doc. Nos. 13, 13-3. 13-4, 13-6.

   *1.     "Plaintiffs'" Proposed Definition of the Class is Overbroad Broad in Scope.*

Plaintiffs seek to certify a class of "All Salaried Plant Operators employed by O'Ryan Oil & Gas in Texas from May 8, 2016 to the present." *See* Doc. No. 13, ¶14. *But see* Doc. 13-6 (proposing the Court to order disclosure of information related to all "day rate workers"). As previously discussed, Plaintiffs' personal knowledge of the alleged violations, if any, extends *at most* to the six or so other plant operators at the Big R plant that worked with Plaintiffs during their employment. *See* Ex. 1 (Appx. 2-3). A class definition purporting to extend to "all" purportedly misclassified plant operators in Texas, or to all "day rate workers" is overbroad, ambiguous, and not supported by the allegations before the Court. *See, e.g.*, *McCloud v. McClinton Energy Group, L.L.C.*, 7:14-CV-120, 2015 WL 737024, at *8 (W.D. Tex. Feb. 20, 2015) ("Plaintiff has failed to produce any evidence that a comprehensive, company-wide compensation exists beyond these two facilities. Accordingly, the class of similarly situated individuals is limited to plug technicians dispatched out of Midland or Searcy."); *Huaman v. Ojos Locos Sports Cantina LLC*, 3:13-CV-4938-B, 2014 WL 4081554, at *6 (N.D. Tex. Aug. 19, 2014) (citing *Flowers v. MGTI, LLC,* No. H–11–1235, 2012 WL 1941755, at *4 (S.D. Tex. May 29, 2012) for "declining

5

to extend collective certification to other locations because record was devoid of evidence of practices beyond one locale"). A class definition extending to anything beyond salaried plant operators working at the Big R gas plant in Powell, Texas, is overbroad.

### 2. *"Plaintiffs'" Proposed Definition of the Class is Overbroad in Time.*

A class definition extending back to May 8, 2016, is overbroad. *See* Doc. No. 13, ¶14. "Based on the statute of limitations, courts have recognized that class certification is appropriately limited to workers employed by defendant up to three years before **notice is approved by the court.**" *Huaman v. Ojos Locos Sports Cantina LLC*, 3:13-CV-4938-B, 2014 WL 4081554, at *7 (N.D. Tex. Aug. 19, 2014) (emphasis added) (quoting *Quintanilla v. A & R Demolitina, Inc.,* No. H–04–1965, 2005 WL 2095104, at * 16 (S.D. Tex. Aug.30, 2005); *see also Garcia v. TWC Admin., LLC*, SA:14-CV-985-DAE, 2015 WL 1737932, at *6 (W.D. Tex. Apr. 16, 2015) ("The limitations period in this case should confine class certification to . . . the three years prior to the date on which the Court conditionally certifies the classes—in other words, three years prior to the date of this Order."). A class definition extending to three years prior to the date Plaintiff *filed* his lawsuit is overbroad.

### 3. *"Plaintiffs'" Notice and Consent Form Should Include a Notice and Consent to Liabilities and Rights to Other Counsel.[1]*

The Court should deny Plaintiff's motion to certify, but if the Court grants the motion, the Court should require any proposed notice and consent to fully disclose the putative class members rights and potential responsibilities. Defendants object to Plaintiffs' proposed notice (Doc. No. 13-3) and proposed consent form (Doc. No. 13-4) because both fail to inform the putative class members of their rights to pursue a claim by separate counsel, their duty to participate in discovery,

---

[1] The proposed Notice should also delete any reference to "Lease Supervisors", which is not a party in this case. See Doc. No. 13-3.

6

and their potential liabilities to pay taxable court costs if the judgment is unfavorable to them. *See, e.g. Behnken v. Luminant Min. Co., LLC*, 997 F. Supp. 2d 511, 524–25 (N.D. Tex. 2014) (holding that "the proposed notice form is not completely accurate as to the potential liabilities for those who join the lawsuit" because "it omits information that would be necessary for someone to make an informed decision about whether to join the lawsuit . . ." namely "'You may, however, be required to pay your proportional share of taxable court costs if the plaintiffs receive an unfavorable decision.'"); *id.* at 524-25 ("As to Defendants' request that prospective members be notified of the possibility that they will be required to participate in discovery and testify at trial, such text is routinely accepted, and Plaintiff is ordered to make this amendment." (citations and quotations omitted); *see also Haynes v. Ryan Drilling, LLC*, MO15CV00118DAEDC, 2016 WL 11585286, at *5 (W.D. Tex. June 23, 2016), ("The Court agrees with Defendant and finds that the proposed Notice must advise putative class members of their right to retain separate counsel and pursue their rights independently from the class.") *report and recommendation adopted*, 7:15-CV-118-DAE, 2016 WL 11585401 (W.D. Tex. July 22, 2016); *Garcia*, 2015 WL 1737932, at *6-7 (modifying a notice to state "[y]ou may, however, be required to pay your proportional share of taxable court costs if the plaintiffs receive an unfavorable decision."). Any approved notice and consent form should include information regarding the same.

    4. *"Plaintiffs'" Request for Disclosure of the Putative Class Members' Birth Dates, Cell Phones, and Email Addresses is Unsupported.*

The Court should deny Plaintiff's motion to certify, but if the Court grants the motion, the Court should order disclosure only of the putative class members' names and last known mailing addresses. Defendants object to "Plaintiffs'" "Request for Expedited Discovery" and the proposed Order requiring Defendants to disclose the birth dates, cell phone numbers, and email addresses of putative class members or former and current "day rate workers". *See* Doc. No. 13, ¶15; Doc. No.

13-6.  Presumably, Plaintiffs desire to use the requested information to send reminder notices, text notices, and perform identity searches of the putative class members.  The Court should not order Defendants to disclose such information because Plaintiffs fail to demonstrate a need for it.

"[T]he Court's aim is to ensure that putative class members actually receive notice in a timely manner" while balancing the privacy interest of the putative class members in ordering disclosure of their personal information.  *See Garcia*, 2015 WL 1737932, at *4–5 (considering whether "the extensive disclosures requested by Plaintiffs" was appropriate); *Altiep v. Food Safety Net Services, Ltd.*, 3:14-CV-00642-K, 2014 WL 4081213, at *6 (N.D. Tex. Aug. 18, 2014) ("Privacy concerns abound in requiring disclosure of information beyond names and addresses."). "While there is not a great deal of uniformity with respect to the types of information courts generally order defendants to produce, many have taken the view that putative class members' names and addresses are sufficient to ensure that notice is received." *Garcia*, 2015 WL 1737932, at *4-5.  Many courts are reluctant to order disclosure of anything more than the putative class members name and last known mailing address absent a showing of a particularized need to disclose more information.  *See, e.g.*, *Wingo v. Martin Transp., Inc.*, 2:18-CV-00141-JRG, 2018 WL 6334312, at *10 (E.D. Tex. Dec. 5, 2018) ("Plaintiff has not convinced the Court that distribution via text message is necessary.").

Here, Plaintiffs provide *no* support for the requested disclosures.  Courts recognize that information such as birthdates and telephone numbers are "highly personal".  *See, e.g.*, Fed. R. Civ. P. 5.2; *see, e.g.*, *Altiep v. Food Safety Net Services, Ltd.*, 3:14-CV-00642-K, 2014 WL 4081213, at *6 (N.D. Tex. Aug. 18, 2014) ("This information is highly personal . . . .").  Courts deny requests for disclosure of information beyond names and addressed absent a particularized need for the information applicable to the case.  *See, e.g.*, *Altiep*, 2014 WL 4081213, at *6

8

("Plaintiffs have shown no reason that sending a letter to a potential plaintiff's last known address would provide inadequate notice. . . . [T]he Court denies Plaintiffs' request for telephone numbers and email addresses. . . .  Mailing the notice to potential plaintiffs offers adequate notice of their opportunity to participate in this case.").  It is not enough that some courts in some cases where a need is shown may order disclosure of additional information.  The issue is Plaintiffs fail to show a reason that sending a letter to the last known mailing address would provide inadequate notice *in this case*.  Without such a showing, the Court should find that mailing the notice offers adequate notice and limit any disclosure to names and addresses.

       5.       ***Written Correspondence Should Be Limited to Sending of an Approved Notice.***

While the Court should deny the requested class certification altogether, if the Court orders that notice be sent, the Court should limit any correspondence with the putative class members to the approved notice.  Plaintiffs request for putative class members' email and cell phone information, presumably to communicate by email and text and, possible, send "reminder notices". Plaintiffs, however, do not submit any separate proposed written notice for email or text correspondence. Moreover, to justify a reminder notice, courts require a showing that is particularized to the case, which is absent here.  *See, e.g.*, *Vega v. Point Sec., LLC*, A-17-CV-049-LY, 2017 WL 4023289, at *4 (W.D. Tex. Sept. 13, 2017) ("Though Vega has identified several general reasons why a reminder notice would be convenient, Vega has not stated any reason particular to this case that supports the necessity of a reminder notice." (citing cases)), *report and recommendation approved*, A-17-CV-049-LY, 2017 WL 8774233 (W.D. Tex. Oct. 12, 2017).  To the extent the Court allows notice to be sent by cell phone or by email, any communication should be limited to sending the notice approved by the Court.  Otherwise, Plaintiffs would be providing

9

notices for which the Court has not approved and to which Defendants have not had the opportunity to review and, if necessary, state objections.

### 6. *The Court Should Allow Defendants at least 30 Days to Provide the Requested Information.*

While the Court should deny "Plaintiffs'" motion for class certification, to the extent the Court orders notice be sent, providing Defendants only 10 days to provide the requested contact information is not enough time. Defendant would ordinarily be allowed at least 30 days to respond to written discovery. Under the proposed notice and order, Plaintiffs seek to make all current and former plant operators in Texas or "day rate workers" subject to the notice. The Court should allow Defendant at least 30 days to respond to the request for information.

## V.
## CONCLUSION

For each of the reasons stated above, the Court should deny "Plaintiffs'" motion to certify a class. Despite working on this case for close to a year, Plaintiffs fail to provide the Court with any evidence of a discriminatory plan or of the putative class members' interest in joining the suit other than from the Plaintiffs themselves. Alternatively, and only to the extent the Court deems notice should be sent, the Court should sustain Defendants' objections to the proposed notice, consent form, class definition, requested disclosures, and proposed order. The Court should order such changes to the proposed notice and consent form consistent with the sustained objections. In addition, Defendants respectfully request for such other and further relief, in law and in equity, both general and specific, to which they may show themselves to be justly entitled.