IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS GLENDALE JOHNSON, Individually and On Behalf of All Other Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:19-cv-1992-L** |
| RYAN C. HOERAUF, INC. D/B/A O'RYAN OIL & GAS and RYAN C. HOERAUF, | § § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants Ryan C. Hoerauf, Inc. d/b/a O'Ryan Oil & Gas ("Hoerauf Inc.") and Ryan C. Hoerauf's ("Mr. Hoerauf") Motion to Dismiss ("Motion") (Doc. 5), filed July 2, 2019. After careful consideration of the pleadings, motion,* record, and applicable law, the court **grants in part** and **denies in part** Defendants' Motion to Dismiss. The court, however, will **allow** Plaintiff Thomas Glendale Johnson ("Mr. Johnson") to amend his pleadings. Additionally, the court **vacates** its Standing Order of Reference (Doc. 14), entered on February 19, 2020, as it was entered inadvertently.

**I.  Background**

On May 8, 2019, Mr. Johnson, individually and as a representative of a proposed class of similarly situated individuals, brought this action in the Eastern District of Texas, against Hoerauf, Inc. and Mr. Hoerauf, alleging violations of the Fair Labor Standards Act ("FLSA") for failure to pay overtime wages to Mr. Johnson (and those similarly situated) for hours worked in excess of

---

* Plaintiff Thomas Glendale Johnson did not file a response to the Motion to Dismiss.

**Memorandum Opinion and Order – Page 1**

forty hours per week. Specifically, Mr. Johnson contends that he was misclassified as an exempt employee under the FLSA, although his role as a plant operator for Hoerauf, Inc. was not exempt as defined under 29 CFR Part 451. He also contends that Mr. Hoerauf is the manager of O'Ryan Oil & Gas and has "substantial control over the terms and conditions of work," which makes him an "employer" as defined by the FLSA, 29 U.S.C. § 203(d). Pl.'s Original Compl. ¶ 5 (internal quotation marks omitted). Further, Mr. Johnson asserts that the failure to pay such wages was intentional.

Defendants were served on June 12, 2019. Docs. 6 & 6-1. On July 2, 2019, Defendants filed their Motion to Dismiss (Doc. 5) and asserted three alternative bases for dismissal: (1) dismissal under Federal Rule of Civil Procedure 12(b)(3) for improper venue; (2) dismissal under Rule 12(b)(4) or 12(b)(5) for insufficient service of process or insufficient process; and (3) dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

On July 15, 2019, the parties filed an Unopposed Motion to Transfer Venue (Doc. 7), which was granted by United States Magistrate Judge John D. Love of the Eastern District of Texas. The case was transferred to this court on August 20, 2019. The Defendants' Motion to Dismiss was pending at the time the case was transferred.

## II. Standard for Rule 12(b)(6) – Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more

than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631

F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

## III.  Analysis

### A.  Improper Venue

As previously stated, Defendants' Motion presents three alternative bases for dismissal. First, Defendants contend that the Eastern District of Texas is an improper venue for this action. As demonstrated by the parties' subsequent motion to transfer this action to the Northern District

of Texas, Plaintiff agreed that the Eastern District was not a proper venue, and the parties' transfer request was granted. Accordingly, there is no further action needed from the court on this issue. The court, therefore, **denies as moot** Defendants' Motion to Dismiss to the extent it is based on the assertion of improper venue.

### B. Insufficient Service or Service of Process

Second, Mr. Hoerauf contends that Mr. Johnson's claims should be dismissed for insufficient or improper service under Rule 12(b)(4) and Rule 12(b)(5) of the Federal Rules of Civil Procedure. Specifically, he asserts that Rule 4 requires that a summons be "directed to the defendant," which he contends did not happen here. Instead of serving him individually, Mr. Hoerauf asserts that Mr. Johnson served him as the registered agent for Hoerauf, Inc., and "allowing this to simultaneously act as a substitute for service on Ryan C. Hoerauf individually violates Rule 4 of the Federal Rules of Civil Procedure." Defs.' Mot. 5 (citing Fed. R. Civ. P. 4). Mr. Hoerauf also notes that Mr. Johnson did not allege facts pertaining to his domicile as an individual and, to the extent that he did, he provides the same address as the entity's principal place of business.

Upon review of the clerk's docket sheet in this action, and despite Mr. Hoerauf's assertion, the court determines that he was properly served in accordance with Federal Rule of Civil Procedure 4. Specifically, Rule 4(e)(2)(A) provides that an individual within a judicial district in the United States may be served by delivering a copy of the summons and complaint to the individual personally. Here, two summonses were executed: one directed to Mr. Hoerauf individually (Doc. 6), and the other directed to Hoerauf, Inc. (Doc. 6-1). Both were signed by Mr. Hoerauf on June 12, 2019. Thus, the court determines that both process and service of process were sufficient.

Accordingly, the court **denies** Defendants' Motion to the extent it seeks to dismiss this action under Rule 12(b)(4) for insufficient process or 12(b)(5) for insufficient service of process. Moreover, that Mr. Johnson failed to allege jurisdictional facts as to Mr. Hoerauf's citizenship is of no moment, as the court has jurisdiction over this action based on federal question jurisdiction based on Mr. Johnson's claim for violations of the FLSA.

C.  **Failure to State a Claim**

As a third alternative for dismissal, Defendants assert that Mr. Johnson fails to allege sufficient facts to demonstrate that there is coverage under the FLSA and fails to establish that a violation of the FLSA occurred. Specifically, they contend that Mr. Johnson merely recites the elements of a claim under the FLSA, which is insufficient to state a claim upon which relief can be granted.

"The FLSA guarantees overtime pay to employees engaged in the production of goods for commerce ("individual coverage") or employed in an enterprise engaged in commerce or in the production of goods for commerce ("enterprise coverage")." *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (internal quotation marks and emphasis omitted). "Commerce" under the FLSA means interstate commerce. 29 U.S.C. § 203(b) (defining "commerce" to mean "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof"). "Either individual or enterprise coverage is enough to invoke FLSA protection." *Id.* (emphasis omitted). Thus, to state an FLSA claim for overtime wages, a plaintiff must either allege facts that, if proved, would establish individual or enterprise coverage under the FLSA. *Morrow v. J W Electric, Inc.*, No. 3:11–CV–1988–D, 2011 WL 5599051, at *2 (N.D. Tex. Nov. 16, 2011). Additionally, "[a]n employee bringing an FLSA action for unpaid overtime compensation 'must first demonstrate that [he] has performed work for which [he] alleges [he]

was not compensated.'" *Chambers v. Sears Roebuck and Co.*, 428 F. App'x 400, 408 (5th Cir. 2011) (quoting *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005)).

In his Original Complaint, Mr. Johnson alleges the following facts:

> 4. In November 2016, Plaintiff began his employment at O'Ryan Oil & Gas' Big "R" Gas Plant in Henderson County, Texas. His job at O'Ryan Oil & Gas was called a plant operator; however, the work he did for O'Ryan Oil & Gas was not exempt as defined under 29 CFR part 451. Plaintiff alleges that he was misclassified as an exempt employee under the FLSA. The evidence at trial will show that Plaintiff was not paid overtime wages at one and one-half times his regular hourly rate for all hours worked in excess of 40 hours in a work week.
>
> 5. Plaintiff alleges that Defendant Ryan C. Hoerauf is a manager of O'Ryan Oil & Gas with "substantial control over the terms and conditions of the work" of Plaintiff and the putative class members. As such, Hoerauf is an "employer" as defined by the Fair Labor Standards Act, 29 U.S.C. § 203(d).
>
> 6. Plaintiff believes and, therefore, allege that the failure of Defendants to pay Plaintiff and all those similarly situated for overtime pay was intentional.

Pl.'s Original Compl. ¶¶ 4-6.

First, Mr. Johnson failed to allege any facts to support individual or enterprise coverage under the FLSA. He suggests that Defendants are involved in commerce by stating the purpose of the FLSA but makes no specific allegations with regard to coverage relating to Defendants. *See id.* ¶ 7 ("Among other things, the [FLSA] statutes and the regulations promulgated thereunder govern the activities of the pay practices of employers involved in commerce."). Without sufficient facts to support coverage under the FLSA, Mr. Johnson fails to establish an essential element of his claim.

Mr. Johnson also has failed to plead sufficient facts demonstrating that he was entitled to overtime wages and that Defendants violated the FLSA by failing to adequately compensate him. He asserts that "he was not paid overtime wages at one and one-half times his regular hourly rate for all hours worked in excess of 40 hours in a work week." *Id.* ¶ 4. He does not, however, allege any facts supporting the length and frequency of his lack of payment. Thus, Mr. Johnson's

allegations are nothing more than a mere recitation of the elements of a cause of action under the FLSA, which is insufficient to demonstrate entitlement to relief. *See Twombly,* 550 U.S. at 555 (citation omitted).

As Mr. Johnson has failed to plead sufficient facts showing coverage under the FLSA, or that Defendants violated the FLSA, the court determines that he has failed to state a claim upon which relief can be granted. Accordingly, Defendant's Motion to Dismiss is **granted** on this basis. The court, however, will allow Mr. Johnson an opportunity to file an amended complaint.

### D. Amendment of Pleadings

While Mr. Johnson did not request an opportunity to amend, the provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

Although Mr. Johnson did not respond to the motion to dismiss and did not request leave to amend his pleadings, courts often allow at least one opportunity to amend to correct pleading deficiencies. *Great Plains Trust Co.*, 313 F.3d at 329. As Mr. Johnson has not previously amended his pleadings and the deficiencies relate to the failure to plead sufficient facts, the court will allow him to file a first amended complaint that addresses the concerns herein expressed. Moreover, existing Supreme Court and Fifth Circuit authority cautions against not allowing a plaintiff an

opportunity to amend when the deficiency relates to factual allegations and the party's pleadings have not been previously amended. The court, accordingly, determines that an amendment of Mr. Johnson's FLSA claim is not necessarily futile at this stage. Further, as no scheduling order has been issued in this case, the court does not believe that Defendants would be unduly prejudiced by the amended pleading. Therefore, the court will allow Mr. Johnson to amend his pleading.

IV. **Conclusion**

For the reasons herein stated, Defendants' Motion to Dismiss (Doc. 5) is **granted in part** and **denied in part**; and, rather than dismiss this action, the court **allows** Mr. Johnson to file an amended complaint addressing the deficiencies noted in this memorandum opinion and order. The amended complaint must be filed by **March 9, 2020.** Failure to replead in accordance with the court's directive and the standards enunciated herein will result in dismissal of this action with prejudice under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, or dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute or comply with a court order. Additionally, the court **vacates** its Standing Order of Reference (Doc. 14), referring this action to the magistrate judge for pretrial management.

**It is so ordered** this 24th day of February, 2020.

*[Signature: Sam A. Lindsay]*
Sam A. Lindsay
United States District Judge