IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THOMAS GLENDALE JOHNSON, Individually and On Behalf of All Other Similarly Situated, § § § § Plaintiff, § § v. § § RYAN C. HOERAUF, INC. D/B/A § O'RYAN OIL & GAS and RYAN C. § HOERAUF, § § Defendants. § | Civil Action No. **3:19-cv-1992-L** |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff Thomas Glendale Johnson's ("Plaintiff" or "Mr. Johnson") Motion for Equitable Tolling (Doc. 12) and Motion for Notice to Potential Plaintiffs (Doc. 13) ("Motions"), both filed on January 30, 2020. After careful consideration of the Motions, responses, reply,[*] record, and applicable law, the court **denies** Plaintiff's Motions (Docs. 12 & 13).

**I.    Factual and Procedural Background**

On May 8, 2019, Mr. Johnson, individually and as a representative of a proposed class of similarly situated individuals, brought this action in the Eastern District of Texas, against Ryan C. Hoerauf, Inc. d/b/a O'Ryan Oil & Gas ("O'Ryan Oil & Gas"), and Ryan C. Hoerauf ("Mr. Hoerauf") (collectively, "Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA") for failure to pay overtime wages to Mr. Johnson (and those similarly situated) for hours worked in excess of forty hours per week. Specifically, Mr. Johnson contends that he was misclassified as an exempt employee under the FLSA even though his role as a plant operator for

---

[*] Mr. Johnson combined his reply to both motions in a single filing. *See* doc. 20.

**Memorandum Opinion and Order – Page 1**

O'Ryan Oil & Gas was not exempt as defined under 29 CFR Part 451.  He further contends that he regularly worked between 60 to 80 hours per workweek and did not receive overtime pay.  Mr. Johnson further contends that Mr. Hoerauf is the manager of O'Ryan Oil & Gas and has "substantial control over the terms and conditions of work," which makes him an "employer" as defined by the FLSA, 29 U.S.C. § 203(d).  Pl.'s Am. Compl. ¶ 8 (internal quotation marks omitted).  Further, Mr. Johnson asserts that the failure to pay such wages was intentional.

Defendants were served on June 12, 2019.  Docs. 6 & 6-1.  On July 2, 2019, Defendants filed their Motion to Dismiss (Doc. 5) the Original Complaint (Doc. 1) and asserted three alternative bases for dismissal: (1) dismissal under Federal Rule of Civil Procedure 12(b)(3) for improper venue; (2) dismissal under Rule 12(b)(4) or 12(b)(5) for insufficient service of process or insufficient process; and (3) dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

On July 15, 2019, the parties filed an Unopposed Motion to Transfer Venue (Doc. 7), which was granted by United States Magistrate Judge John D. Love of the Eastern District of Texas.  The case was transferred to this court on August 20, 2019, and, on August 26, 2019, Mr. Johnson filed a Notice of Consent (Doc. 11), on behalf of Nathan Johnson. The Defendants' Motion to Dismiss was pending at the time the case was transferred.

On January 30, 2020, Plaintiff filed his Motion for Equitable Tolling (Doc. 12) and Motion for Notice to Potential Plaintiffs (Doc. 13).  Defendants filed their responses (Docs. 15 & 16) on February 20, 2020.  On February 24, 2020, the court granted in part and denied in part Defendants' Motion to Dismiss and allowed Plaintiff an opportunity to file an amended complaint correcting the deficiencies noted in the court's Memorandum Opinion and Order (Doc. 18).  Plaintiff filed

his Amended Complaint (Doc. 19) and Reply to Defendants' Response to his Motion for Notice to Potential Plaintiffs (Doc. 20) on February 27, 2020.

## II.      Discussion

### A.      Plaintiff's Motion for Notice to Potential Plaintiffs

#### 1.      *Legal Standard for Conditional Certification of FLSA Collective Action*

Plaintiff seeks the conditional certification of this action as a collective action pursuant to the FLSA, which provides:

> An action ... may be maintained ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). Unlike class actions brought under Federal Rule of Civil Procedure 23, classes under Section 216(b) are opt-in classes, requiring any employee wishing to become a party to the action to "opt in" (rather than "opt-out") by filing his or her consent with the court in which the action is brought. *See id.*

Although the Fifth Circuit has not adopted a specific standard to be used in determining the propriety of class certification under the FLSA, it has recognized the two-step approach used by many courts consisting of (1) the notice stage and (2) the certification stage. *See Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 n.2 (5th Cir. 2008); *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–16 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003); *see also Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 758 (N.D. Tex. 2013) (O'Connor, J.) (recognizing and applying two-stage test as prevailing test among federal courts); *Valcho v. Dallas Cnty. Hosp. Dist.*, 574 F. Supp. 2d 618, 621 (N.D. Tex. 2008) (Fitzwater, J.) (noting that the Northern District of Texas federal courts apply the two-stage test "that prevails

among federal courts."); *Keeton v. Foundation Energy Mgmt.*, No. 3:18-cv-01876-G, 2020 WL 487498, at *1, *3 (N.D. Tex. 2020) (Fish, J.) (noting that Texas district courts apply the two-stage approach in these cases).

During the notice stage, the plaintiff must establish that there are other potential class members who are "similarly situated in their job requirements and pay provisions." *Marshall v. Eyemasters of Tex., Ltd.*, 272 F.R.D. 447, 449 (N.D. Tex. 2011) (internal quotations omitted). If a court is satisfied that a plaintiff has met this burden of proof, the court may, in its discretion, decide to conditionally certify the class and facilitate notice of the lawsuit to potential class members. *See Valcho*, 574 F. Supp. 2d at 621–22.

At stage two of the certification stage, the court determines whether the class should be maintained through trial. *Mooney*, 54 F.3d at 1214. This stage typically begins when the defendant moves to decertify the class after discovery is largely complete. *Id*. The collective action will proceed if the court finds the potential class members similarly situated, but the class will be decertified if discovery fails to identify adequately a pool of claimants that is similarly situated. *Id.*; *see also Proctor v. Allsups Convenience Stores, Inc.*, 250 F.R.D. 278, 280 (N.D. Tex. 2008) ("At this second stage, the burden is on the Plaintiff to prove that the individual class members are similarly situated."). As the two-stage approach is generally applied in this district in consideration of conditional certification, the court will apply this test to determine whether Plaintiff's Motion for Notice should be granted.

This case is currently at the notice stage, and, thus, the court need only determine whether Plaintiff has provided "minimal evidence" that there are other potential class members "similarly situated" with respect to their job requirements and compensation. *Marshall*, 272 F.R.D. at 449; *see also In re JPMorgan Chase & Co.*, 916 F.3d 494, 501 (5th Cir. 2019). At this stage of the

**Memorandum Opinion and Order – Page 4**

two-stage process, the burden of proof is "fairly lenient" and "typically results" in conditional certification. *Mooney*, 54 F.3d at 1214; *see also In re JPMorgan Chase & Co.*, 916 F.3d at 501. While the standard is lenient, a plaintiff seeking conditional certification must still set forth sufficient allegations that potential members "were together the victims of a single decision, policy, or plan." *Mooney*, 54 F.3d at 1214 (citation omitted).

### 2.   Discussion

Plaintiff seeks to conditionally certify a class of "all Salaried Plant Operators employed by O'Ryan Oil & Gas from May 8, 2016 to the present," who worked over 40 hours in a workweek and did not receive overtime pay for the excess hours. Pl.'s Mot. for Notice 6-7. In support of this request, Mr. Johnson relies on his own Declaration (Ex. A) and an identical Declaration submitted by Nathan Johnson (Ex. E), which both provide as follows:

> During the time I worked for O'Ryan Oil & Gas, there were always other plant operat[ors] who also worked for O'Ryan Oil & Gas. These plant operat[ors] performed the same or similar job duties that I performed.
>
> Over the course of the time I worked for O'Ryan Oil & Gas I got to know many of the other plant operat[ors] working for O'Ryan Oil & Gas. From discussions with these employees, I know they were not paid for the overtime as I have described in this declaration.

Pl.'s Mot. for Notice, Exs. A & E. Relying on these assertions, Plaintiff contends that he has met his burden to demonstrate that conditional certification is warranted.

In response, Defendants assert that despite having a year to prepare for his Motion for Notice, Plaintiff fails to demonstrate that the purported misclassification of plant operators arises from a widespread discriminatory plan or that other putative class members desire to join. Defs.' Resp. 5. They acknowledge that Plaintiff states that he "got to know many of the other plant operat[ors] working for O'Ryan Oil & Gas" and from discussions with these employees, he asserts that other plant operators were also not paid for overtime. *Id.* Defendants assert, however, that

even assuming these discussions took place with six or more plant operators, these allegations do not demonstrate a widespread discriminatory plan, as Plaintiff fails to allege that the unpaid overtime to other plant operators "derived from [the] same alleged misclassification of non-exempt employees." Defs.' Resp. 6. Defendants contend that the alleged overtime, if any, not paid to any other plant operators could reflect a number of dissimilar issues, which would not support a showing of a widespread misclassification problem. They further contend that Plaintiff's own declaration provides no evidence that anyone else desires to opt-in to the proposed class despite Plaintiff actively pursuing his claims since April 2019. Accordingly, Defendants assert that Plaintiff has failed to carry his burden to demonstrate that the proposed class should be conditionally certified.

As previously stated, the standard at the notice stage is a lenient one, and Plaintiff need only provide minimal evidence to support his request for conditional certification. *See Mooney*, 54 F.3d at 1214. Plaintiff asserts that there are other plant operators with the same or similar job duties that also did not receive overtime pay for the hours worked in excess of their 40-hour workweek. As Defendants highlight, however, Plaintiff has not provided any allegations as to whether the other plant operators were salaried employees whose unpaid overtime was the result of a misclassification under the FLSA. Notably, the declarations relied on by Plaintiff only allege that based on their knowledge there are other salaried plant operators employed by O'Ryan Oil and Gas who were not paid overtime that they are entitled to receive. They make no allegation that the unpaid overtime was a result of misclassification under the FLSA. Further, Plaintiff makes no allegations in his Amended Complaint that other salaried plant operators were also misclassified in the same manner as he was. Without such allegations, Plaintiff has failed to show that the failure to pay overtime is a result of a common scheme, policy, or practice by Defendants. At most,

Plaintiff has shown that the misclassification was unique to only him, as Mr. Nathan Johnson also does not make any allegation of misclassification in his Declaration. *See* Pl.'s Mot. for Notice, Ex. E. The court, therefore, determines that Plaintiff has failed to set forth sufficient allegations to support conditional certification.

Defendants also assert that Plaintiff provides no indication that any other plant operators have a desire to join this litigation. Contrary to this assertion, Nathan Johnson, another plant operator, has expressed a desire to join this action; however, that only one person has expressed a desire to join this action militates against conditionally certifying this action. This is so because, despite Mr. Thomas Johnson's assertion that he has spoken to other plant operators who have allegedly been denied overtime pay, only one has come forward seeking to join. The court reasonably infers that if there were a number of others who are similarly situated, they would have expressed their consent to join this action over the last 17 months since this action was filed. This has not happened.

Moreover, despite Plaintiff's assertions that he spoke with similarly situated plant operators, he makes no attempt to identify these individuals and makes no assertion that any of them expressed a desire to join this action. Such conclusory allegations, without more, do not meet the minimal evidence requirement for conditional certification of a collective action. This determination, however, is of no moment because Plaintiff has failed to sufficiently allege facts demonstrating that there are other potential plaintiffs that are similarly situated with respect to misclassification and, thus, has failed to sufficiently allege that a widespread practice or policy exists. For all of these reasons, the court determines that conditional certification is not warranted and will deny Plaintiff's Motion for Notice to Potential Plaintiffs (Doc. 13).

### C. Plaintiff's Motion for Equitable Tolling

The FLSA provides for a two-year statute of limitations, which is extended one year for willful violations. 29 U.S.C. § 255(a). The limitations period for a plaintiff in a collective action under the FLSA runs until a class plaintiff opts-in by filing a Notice of Consent. 29 U.S.C. § 256. While equitable tolling applies in FLSA actions, the Fifth Circuit strictly construes the FLSA's limitations period and allows equitable tolling only if a plaintiff shows that he or she "acted diligently and the delay concerns extraordinary circumstances." *Shidler v. Alarm Sec. Grp., LLC*, 919 F. Supp. 2d 827, 830 (S.D. Tex. 2012) (citing *Caldwell v. Dretke*, 429 F.3d 521, 530 n.23 (5th Cir. 2005); *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002). Plaintiff has the burden of proof to demonstrate that equitable tolling is warranted. *Teemac*, 298 F.3d at 457 (citation omitted).

Plaintiff requests equitable tolling if the court grants his Motion for Notice to Potential Plaintiffs. As the court previously stated, it will deny Plaintiff's Motion for Notice, and, thus, it finds no need to determine whether equitable tolling is warranted. For this reason, the court will deny Plaintiff's Motion for Equitable Tolling. The court acknowledges, however, that Nathan Johnson filed a Notice of Consent (Doc. 11) to join this action on August 26, 2019. As the court denies Plaintiff's request for conditional certification, it will allow Plaintiff to file a second amended complaint that adds Nathan Johnson as a named Plaintiff in this action. If Mr. Nathan Johnson still desires to join this action, the Second Amended Complaint **shall** be filed no later than **November 12, 2020**.

### III. Conclusion

For the reasons herein discussed, Plaintiff's Motion for Equitable Tolling (Doc. 12) and Motion for Notice to Potential Plaintiffs (Doc. 13) are **denied**. Additionally, to the extent Mr.

Johnson still desires to join this action as a named plaintiff, Plaintiff **shall** file his Second Amended Complaint adding Nathan Johnson as a plaintiff no later than **November 12, 2020**.

    **It is so ordered** this 28th day of October, 2020.

*[signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge